ALICE WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30079. Promulgated June 10, 1931.

*Louis Loeffler, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

#### OPINION.

SMITH: The respondent asserts a deficiency in income tax for the year 1922 in the amount of $2,969.76. The only issue is whether at June 4, 1927, the date of the deficiency notice, the statute of limitations had tolled the Commissioner's power to determine, assess, and collect the tax liability herein involved. The stipulated facts may be summarized as follows:

On April 3, 1923, the petitioner's 30-day extension having been granted from March 15, filed her income-tax return for the calendar year 1922.

On March 9, 1927, the respondent mailed the petitioner a notice in which he asserted a deficiency in income tax for the year 1922 in the amount of $251.06.

The petitioner filed no appeal in respect of the deficiency asserted on March 9, 1927; the respondent assessed the tax on May 28, 1927; on June 13, 1927, the petitioner paid the tax so assessed, together with interest thereon in the respective amounts of $251.06 and $58.72.

On June 4, 1927, the respondent mailed the petitioner a notice asserting a deficiency in income tax for the year 1922 in the amount of $2,969.76. The statement attached to such notice indicates that the deficiency asserted on March 9 and assessed on May 28, 1927, was credited against a total tax liability of $3,220.30. On August 1, 1927, petitioner filed an appeal from the determination of the respondent asserted on June 4. Petitioner has never signed any waiver extending the time for determination, assessment or collection of any taxes due on account of her income-tax return for 1922.

The limitation provision applicable here is section 277 (a) of the Revenue Act of 1926, which provides, so far as material, as follows:

(a) Except as provided in section 278 [not applicable here]—

\*   \*   \*   \*   \*   \*   \*

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, \* \* \* shall be assessed within four

years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

Section 277 (b) of the Revenue Act of 1926 provides, so far as material, as follows:

The running of the statute of limitations provided in this section * * * on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court and for 60 days thereafter.

In connection with the sending out of notices of deficiency the Revenue Act of 1926, in section 274, provides, so far as material, as follows:

(a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

\*         \*         \*         \*         \*         \*         \*

(f) If after the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a), and the taxpayer files a petition with the Board within the time prescribed in such subdivision, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279. If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered, for the purposes of this subdivision or of subdivision (a) of this section, or of subdivision (d) of section 284, as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subdivision (a) of this section.

The petitioner, relying on the stipulated facts and the provisions of law above set forth, contends that at June 4, 1927, the statute of limitations had tolled her tax liability for the year 1922. The re-

spondent, basing his conclusion on the same facts and law, holds that his determination of June 4, 1927, was timely. To settle the single issue here it remains only for us to apply the law to the undisputed facts.

The return in question was due on March 15, 1923, but extension for the filing of the return was duly granted and it was filed and accepted on April 3, 1923. The four-year statute of limitations began to run on April 4, 1923, and unless extended by some act or consent of the parties, expired on April 3, 1927. *Willingham Loan & Trust Co.*, 15 B. T. A. 931; *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437. On March 9, 1927, and within the statutory period of limitations, the respondent mailed a deficiency notice to the petitioner from which no appeal was taken to this Board. Under the provisions of section 274 (a) of the Revenue Act of 1926, the respondent could not move in respect of the collection of the deficiency therein asserted until the expiration of the 60-day period within which petitioner might file an appeal. On May 8 such 60-day period expired and thereafter the assessment could be made during a limited period. It was made on May 28. Thereafter, on June 4, 1927, the deficiency notice which is the basis of this proceeding was mailed to the petitioner. In this notice the deficiency asserted was much greater than that determined as of March 9, and was based upon different alleged facts. It is this notice that petitioner maintains was not timely because mailed after the statute had run. This is true unless the notice of March 9 effected an extension of the statute of limitations.

The question presented by this proceeding is the effect to be given to the provision of section 277 (b) of the Revenue Act of 1926, which "suspends" the running of the statute of limitations—

* * * (after the mailing of a notice under subdivision (a) of section 274) * * * for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court and for 60 days thereafter.

The respondent argues that the suspension of the statute for the making of the assessment is tantamount to extending the statute for a like period for the determination of the tax liability. The petitioner contends that the statute is not susceptible of such interpretation.

We are of the opinion that the contention made by the petitioner is well founded. The House members on the Conference Committee on the 1926 Revenue Act made the following report to the House concerning section 277 (b) :

The House bill provided that the running of the statute of limitations on the assessment and collection of a deficiency should be suspended for the period during which, under the provisions of the income tax title, the commissioner is prohibited from making *the assessment* or collection. The Senate

amendment suspends the running of the statute for the period during which, for any reason, the commissioner's hands are tied, *and in addition assures him a period of at least 60 days* after he is free in which to make *the assessment* or bring proceedings for collection. The House recedes. [Italics supplied.]

The statute of limitations is not "extended" by section 277 (b), but is merely "suspended." The word "suspend" is defined in Webster's Universal Dictionary as "to make to depend on." The statute, in section 277 (b) suspends the statute in section 277 (a) (2) on condition that a notice of deficiency has been issued within time, and *the* time is set forth in section 277 (a) (2). If this notice is issued within time, then it operates for the purpose of enabling the completion of the object and purpose of *that* notice. The word "extend" means "to lengthen," "to enlarge," or, in other words, implies the idea of scope and permanence in force and effect. Hence, had the statute used the word "extend" instead of "suspend" the effect thereof might have been different.

If section 277 (b) were construed to extend the statute, or suspend it, for any purpose, as well as for the specific purpose of making *the* assessment proposed in the particular notice mailed within the time limit of section 277 (a) (2), then it must be held that the mailing of a deficiency notice at any time during the four-year limitation period operates to lengthen the period of limitations rather than to suspend it. For instance, suppose a deficiency notice is mailed within the first two years after the return is filed, and no petition is filed with the Board, then after the expiration of the four-year period of limitation prescribed in section 277 (a) (2) the respondent determines that there is a further adjustment he should make and then determines a further deficiency and mails such further or new notice within 120 days after the four-year limitation period has expired, would a further notice thus mailed be held to have been mailed in time? Or, in other words, would it be held that the first notice (mailed several years prior to the expiration of the statute of limitations) operated to extend the statute of limitations for 120 days by reason of section 277 (b) and thereby lengthen the period of limitations prescribed in section 277 (a) (2) from four years to four years and 120 days, and that by reason thereof the second or further notice was timely mailed? And would it then also be held that a third notice mailed within 120 days after the mailing of said second notice also was timely mailed? We do not believe that it can be seriously contended that section 277 (b) is susceptible of such a construction; yet, to say that the notice of deficiency of June 4, 1927, was timely mailed, as contended by respondent, is tantamount to giving a construction to section 277 (b) so that it would operate identically as above set forth.

We believe that the construction placed upon section 277 (b) by the petitioner is both logical and in harmony with a practical plan in the law. The determination of the deficiency contained in the June 4, 1927, notice of deficiency has no bearing upon the assessment and collection of the deficiency referred to in the notice of deficiency mailed to the petitioner on March 9, 1927. We are of the opinion that a notice of deficiency mailed on March 9, 1927, from which no appeal was taken to this Board, did not operate to extend the statute of limitations applicable to the determination of deficiency made after the four-year period of limitation. The statutory period of limitation is a statute of repose. It is a part of the taxing statute and such laws are to be interpreted liberally in favor of taxpayers. *Eidman* v. *Martinez*, 184 U. S. 578; *Shwab* v. *Doyle*, 258 U. S. 529; *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

---

MURDOCK, concurring: The petitioner's return for the calendar year 1922 was filed on April 3, 1923. The period of limitation for assessing and collecting the taxes imposed for the year is four years. The four-year period was not extended by consent. A deficiency was determined and a deficiency notice mailed on March 9, 1927, within the four-year period. No petition for a redetermination of this deficiency was filed with this Board. More than sixty days after the mailing of this notice the Commissioner assessed the tax and the taxpayer paid the amount. No question arises as to the propriety of any of these acts. The taxpayer has waived no restrictions and there is no question of bankruptcy. See sections 274 (d) and 282. Section 1001 has no application.

After the first deficiency notice was mailed on March 9, 1927, there were sixty days during which the Commissioner could not assess or collect the deficiency in tax. (Section 274 (a) of the Revenue Act of 1926), except in case he believed that assessment and collection would be jeopardized by delay. (Section 279.) He made no move during this sixty-day period. During this sixty-day period and for sixty days thereafter, the running of the statute of limitations on assessment and collection was suspended, i. e., when the statute had yet twenty-five days to run its running was suspended and the period of twenty-five days did not begin to run again until July 7, so that instead of the limitation period expiring on April 3, 1927, it did not expire until August 1, 1927, four years and 120 days after the return was filed. Section 277 (b) so provides.

In the present case the first notice was mailed March 9, 1927. For sixty days thereafter, or until May 9, the Commissioner was prohibited from assessing or collecting. On April 3, twenty-five days after March 9, the four-year statutory period of limitation would have expired, had no notice been mailed. Another letter purporting to be another deficiency notice of an additional deficiency was mailed on June 4, 1927. The question is, Had the Commissioner authority to send this second notice at a time more than four years after the return was filed, but within four years and 120 days?

If he had authority, it must be found in section 277 (b), which provides that:

The running of the statute of limitations provided in this section * * *, on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter.

If this provision is so clear that it leaves no room for doubt, then there is no occasion to consider the intent of Congress or any other aid of interpretation. It may be argued that the word " any " in the section must refer, *inter alia*, to a deficiency later determined, even to one determined more than four years after the return was filed, and therefore the second notice was timely and proper. But to me it seems at least doubtful whether such construction fairly may be said to come within the terms and purpose of the section when the statute is read as a whole. The section itself shows that Congress was providing for assessment and collection of a deficiency already determined. The part in parenthesis indicates that the section applies to a deficiency of which notice has been given. Why apply it to a deficiency to be determined more than four years after the return was filed?

It is apparent from the legislative history of this section that it was not intended to authorize a determination and notice of a deficiency after four years had elapsed since the filing of the return. It was only intended to compensate the Commissioner for the time he lost for assessing and collecting a deficiency of which the taxpayer had already had notice. The language of the section admits of an interpretation under which this intention alone would be carried out. Such interpretation is the reasonable and natural one of the words used. In my opinion it is the correct one. It accomplishes the repose intended and favors the taxpayer. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

The first deficiency notice in this case was mailed when the original four-year period had less than sixty days to run. But for sixty days

after the mailing the Commissioner did not know whether a petition would or would not be filed. The question might arise as to his authority during this period or so much of it as was within four years of the filing of the return, to send notice of an additional deficiency. If a petition was filed before the end of sixty days, section 274 (f) would apply. If no petition was eventually filed, there was nothing to prevent his sending a new notice within the twenty-five days. The provisions and legislative history of section 274 (f) may throw some light on the present question. That section provides that if a taxpayer files a timely petition with the Board after the mailing of a deficiency notice, the Commissioner shall have no right to determine any additional deficiency, save by claim before the Board under section 274 (e), or where there is fraud or jeopardy. As originally drafted, this provision covered also the situation where no petition was filed with the Board. The Senate confined it to cases where the petition was filed. The House concurred. The Finance Committee Report said that, since a taxpayer who filed no petition with the Board could file suit for refund at any time within the statutory period of limitations, there was no reason why the Commissioner should not have the right to assess any additional deficiency he might find within the statutory period. Thus, although the Commissioner was permitted to determine an additional deficiency *within the statutory period* in cases where no petition was filed with the Board, there is no intimation that he was to have any more than the four-year period in which to do it, and the reasoning of the framers of the Act shows that they did not intend to enlarge the time for determining a deficiency and mailing a notice.

STERNHAGEN and ARUNDELL agree with this concurring opinion.

---

LANSDON, dissenting: I am unable to agree with the conclusions of law set out in the majority opinion herein. We are called upon to apply statutory provisions which, in my opinion, are so plain that the processes of construal are wholly superfluous. Certainly the meaning of the law can not be changed or established by an academic discussion of the definition of the words " suspend " and " extend." Each has a significance that is well understood. When any function is suspended it is not in operation. When it is extended the term of its operation is enlarged. In the revenue laws these words have a meaning so well fixed that no resort to the dictionary is necessary.

The return in question was due on March 15, 1923, but extension was duly granted and it was filed and accepted on April 3, 1923.

The four-year statute of limitations began to run on April 4, 1923, and, unless suspended by some act or consent of the parties, expired on April 4, 1927. *Willingham Loan & Trust Co.*, 15 B. T. A. 931; *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437. On March 9, 1927, and within the term of statutory limitation, the respondent mailed a deficiency notice to the petitioner from which no appeal was taken to this Board. Under section 274 (a) of the Revenue Act of 1926, the respondent could not move in respect of the collection of the deficiency therein asserted until the expiration of the 60-day period within which petitioner might file an appeal. On May 8 such 60-day period expired and thereafter the assessment could be made at any time within the statutory term as extended by section 277 (b) of the Revenue Act of 1926. It was made on May 28. Thereafter, on June 3, 1927, which was well within the extended term of limitation, the deficiency notice which is the basis for this proceeding was mailed to the petitioner. In this notice the deficiency asserted was much greater than that determined as of March 9, and was based upon different alleged facts. It is this notice that petitioner maintains was not timely, because mailed after the statute had run. This is true unless the notice of March 9 suspended the running of the statute of limitations.

Counsel for petitioner argues that the statute was suspended by the notice of March 9 only as to the power of the Commissioner to assess or proceed to collect by distraint or an action at law. The respondent contends that under the plain provisions of section 277 (b) it was suspended for all purposes not only during the 60-day period within which the Commissioner could not assess, distrain, or collect in court, but also for an additional 60 days. We think this is correct. The language of the applicable statutory provision is so clear and unambiguous that no construction or interpretation is necessary. It is the statute of limitations provided for in section 277 (a) (2) which is suspended by section 277 (b) and not merely the Commissioner's authority to collect by assessment, distraint, or an action in court. It is clear that the suspension effected by the mailing of the notice of March 9 was effective both for the time during which the Commissioner could not act and the 60 days thereafter. If this is not so the language " and for 60 days thereafter " has no meaning, since the Commissioner's power to act was restored at the beginning of such period and the only thing as to which the suspension during the term thereof could possibly apply is the petitioner's tax liability on his original return. If the statute were not suspended for all purposes by mailing of the deficiency notice, in the circumstances here, a taxpayer's liability would be tolled during the period in which

the Commissioner could not act, a result that Congress certainly did not have in mind. After the first deficiency notice the Commissioner could do no more until May 8, sixty days thereafter. During the same period the statute of limitations was suspended and for an additional 60 days, which, added to that part of the original statutory period remaining at March 9, extended and kept alive the petitioner's tax liability as to her return for 1922 to about August 1, 1927. The deficiency notice here in question was mailed on June 4 and, in my opinion, was timely.

The parties submitted but one question to the Board, viz., whether at June 4, 1927, the statute of limitations had run against petitioner's tax liability for 1922. If there is any doubt as to the authority of the Commissioner to issue a second notice of deficiency for such year increasing the asserted tax liability, it would seem to be conclusively resolved in favor of the respondent in section 274 of the Revenue Act of 1926. It is there provided that if the taxpayer appeals to the Board within the prescribed time the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in case of fraud and except as provided in subdivision (c) of this section and subdivision (c) of section 279. The reason for this stautory provision is obvious. The Board has the widest possible latitude for the exercise of its functions. It may reverse or affirm the determination of the Commissioner. It may determine an overpayment or, upon motion duly made before or at the hearing and supported by proper evidence, it may enlarge. the asserted deficiency. The issues between the taxpayer and the Government are fixed by the allegations of the petitioner and the answer of the Commissioner, which constitute the pleadings upon which the proceeding is tried and decided. After such joinder of issues the whole controversy is in the hands of a tribunal clothed with ample authority to protect both the taxpayer and the Government. If no appeal is filed the whole matter remains open for consideration by the Commissioner until the statute of limitations tolls alike and at the same time the liability of the taxpayer and the power of the Government to act further in the controversy.

The theory that within the second 60-day period provided in section 277 (b) of the Revenue Act of 1926, the authority of the Commissioner is restricted to collection, assessment, distraint, or an action at law is based upon a very strained construction of that provision. There is nothing in the language thereof that imposes such a limitation. On the contrary, it applies to " any deficiency " and the parenthetical clause " after the mailing of a notice under

subdivision (a) of section 274 " merely fixes the date at which the suspension of the statute of limitations begins. A deficiency is not an amount determined by the Commissioner and embodied in figures in a notice to a taxpayer. As defined by Congress, section 273 (1) of the Revenue Act of 1926, it is "the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return * * *." The existence of a deficiency is a fact and the determination and collection thereof is a ministerial duty imposed by law on the Commissioner. During the first 60 days subsequent to a notice of deficiency as to which no appeal is taken, the Commissioner has no power to collect by assessment, distraint, or an action at court. He is not barred, however, from discharging his other functions in connection with tax liability in the circumstances of this proceeding. Unless an appeal is filed he has not exhausted his power to determine and is not barred from its exercise within that period either before or after the original term of the statute has run. During the "60 days thereafter" he may exercise all his functions and proceed to collect "any deficiency."

The situation here is somewhat analogous to that in *Stange* v. *United States*, 282 U. S. 270. There the taxpayer contended that a waiver extending the time in which an assessment of taxes could be made did not, at the same time, apply to the Commissioner's power to determine and collect. The court decided that the waiver, having accomplished the object for which it was authorized, was effective for all purposes. Here the law gives the Commissioner the power to assess, distrain or sue in court for the collection of any deficiency and there is no basis for the theory that he is limited to the amount set out in the notice to the taxpayer.

The construction of section 277 (b), for which the respondent contends, works no hardship on the taxpayer. No matter when the deficiency is asserted within the statutory time or such time as extended by suspension he has the right to appeal to this Board for a redetermination, or, in the alternative, to pay the tax when assessed and sue in a proper court for recovery. His rights and property will not be invaded or taken except by "due process." That it might be possible for the Commissioner practically to nullify the "statute of repose" if this construction of the law prevails may be true, but if so it is a matter which calls for the action of Congress. The Board must apply the law as written.

MORRIS agrees with this dissent.