NORTHWESTERN PACIFIC RAILROAD CO. *v.* BOBO, ADMINISTRATRIX.

No. 163. Submitted December 12, 1933.—Decided January 8, 1934.

Mr. *W. H. Orrick* was on the brief for petitioner.

Mr. *Robert D. Duke* was on the brief for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Claiming under the Federal Employers' Liability Act, respondent sued the petitioner in the Superior Court, Marin County, California, for damages consequent upon the death of her husband, Perry E. Bobo. She maintains that this was the proximate result of the Company's negligence while it employed him.

The complaint alleged—

That on February 4, 1930, the decedent Bobo was a tender of the bridge at Grand View, California, a portion of petitioner's road; " it was part of said deceased's duties as such bridge tender to uncouple the tracks and connections on said bridge, work the semaphore signals and open and close the draw of said bridge; that in the course of the performance of said duties said deceased was required to go to the building on the top of said bridge for the purpose of using the mechanism located in said building which was necessary to be used in the opening and closing of said bridge and to work the semaphore signals; that on said last mentioned date it became the duty of said

deceased in the discharge of his duties as such bridge tender to adjust the semaphore signals and that while returning from his duties he slipped upon the steps leading up to said building and was precipitated into the waters of the Petaluma Creek and came to his death."

" That said defendant was careless and negligent in this, that it failed to provide said deceased a safe place to do the work required of him; that said bridge was installed in an improper manner so as to, render the same unsafe and dangerous; that the steps leading to the building on the top of said bridge were constructed, installed, used and maintained by said defendant in an improper, faulty and defective manner so as to render them unsafe and dangerous; that it failed to install proper guard rails on said steps and the approaches thereto so as to protect persons using said bridge and said steps; that it permitted said steps to become uneven so that they sloped and permitted water to collect in depressions on said steps on which said deceased slipped and fell."

A jury found in favor of the respondent and assessed the damages at $12,500. Judgment thereon was affirmed by the District Court of Appeal. The Supreme Court refused to hear the cause and it comes here by certiorari.

The petitioner maintained that there was no evidence to show the death resulted from its negligence, also that Bobo assumed the risk, and asked for an instructed verdict. The trial court wrongly, we think, refused this request.

The evidence shows that the deceased began his service as bridge tender in August, 1929, and continued until he disappeared February 4, 1930. His working hours were from 9: 00 P. M. to 5 A. M. His duty was to open the draw for the passage of boats, then close it, see that the rails were properly aligned, and set the lights. The draw was operated through an engine housed 26 feet above the

rails. When not actually engaged Bobo ordinarily remained in a shanty near the end of the bridge. To reach or return from the engine he went up or down a flight of 35 iron steps which ran along the outside of the bridge structure, pitched at 48½ degrees to the horizontal. These steps were guarded by a single rail on either side. They were 21 inches long and 8 inches wide. He was furnished with a proper lantern to light the way.

February 3, 1930, at 9: 00 o'clock Bobo went to work. He was last seen alive at 11: 00 o'clock; an entry in the log book shows that he opened the draw the next morning at 1: 30. Two weeks thereafter his body, badly decomposed, was found in the water some distance from the bridge. To determine the cause of death from an examination of this was impossible.

When last seen the deceased wore a coat with sheepskin collar. A few hours after his disappearance witnesses discovered on the edge of the iron platform at the foot of the stairway what seemed to be small pieces of wool; also, a little spot which looked like blood. Some of the steps and the platform had become smooth through use during fifteen years or more. During the winter dew often accumulated on these during the night and caused them to become quite slippery. Also, witnesses stated, the stairs and platform were not adequately guarded— the single rail was not enough and was placed too low.

Respondent's theory is that while properly discharging his duties, Bobo slipped, fell into the water, and drowned.

Our decisions clearly show that " proof of negligence alone does not entitle the plaintiff to recover under the Federal Employers' Liability Act. The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause and the case must be withdrawn from its consideration unless there is evidence from which the inference may reasonably be

drawn that the injury suffered was caused by the negligent act of the employer." *Atchison, T. & S. F. Ry. Co.* v. *Toops,* 281 U.S. 351, 354, 355; *Chicago, M. & St. P. R. Co.* v. *Coogan,* 271 U.S. 472; *Atchison, T. & S. F. Ry. Co.* v. *Saxon,* 284 U.S. 458.

If petitioner was negligent in respect of the stairway and platform, there is nothing whatsoever to show that this was the proximate cause of the unfortunate death. So to conclude would be pure speculation; and for reasons heretofore sufficiently elaborated judgments based upon verdicts so arrived at cannot be permitted to stand.

Regarding the defense based upon assumption of the risk, the District Court of Appeal said—" Here, so far as shown, decedent had never ascended the stairway during the day time, nor was he aware of the conditions which made the structure dangerous. The complaint described the defects which were alleged to have caused the injury; and defendant contends that these allegations show that the cause of death was a risk assumed by decedent, and that consequently no cause of action was stated, citing *Bresette* v. *E. B. & A. L. Stone Co.,* 162 Cal. 74; 121 Pac. 312; but, as pointed out, the evidence was insufficient to show that decedent knew of the defects described, or that the conditions under which he was employed were such that he must have known them."

With this conclusion we cannot agree. The deceased had gone up and down these open stairs very many times from August to February. He had a proper lantern by the light of which he could easily see the alleged defects. He must have been aware that moisture frequently accumulated. Also, often during the summer and early autumn there was adequate sunlight before five o'clock A.M. to disclose the real conditions. No suggestion is made of any complaint to the Company concerning the stairs or platform.

We think the record discloses enough to show that the decedent assumed any alleged risk. *Seaboard Air Line Ry. Co.* v. *Horton,* 233 U.S. 492; *New Orleans & N. E. R. Co.* v. *Harris,* 247 U. S. 367, 371; *Chesapeake & Ohio Ry. Co.* v. *Kuhn,* 284 U.S. 44, 46, 47.

*Reversed.*