THE AMERICAN RAILWAYS COMPANY, FORMERLY AMERICAN ELECTRIC POWER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67662. Promulgated June 19, 1934.

*C. J. McGuire, Esq., J. Marvin Haynes, Esq.,* and *W. C. Magathan, Esq.,* for the petitioner.

*Harold Allen, Esq.,* for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $2,133.29 in the petitioner's tax for the calendar year 1924. The only error assigned is that the statutory period of limitation within which assessment and collection of any deficiency in tax for 1924 could be legally made had expired before July 14, 1932, when the notice of deficiency was mailed to this taxpayer.

The facts were stipulated as follows:

1. The petitioner is a corporation with its principal office at 15 Exchange Place, Jersey City, N.J. Its corporate name was formerly American Electric Power Company which was later changed to " The American Railways Company ", the change being a change in name only.

2. For the calendar year 1924 petitioner filed a final consolidated income tax return with the Collector of Internal Revenue at Philadelphia, Pennsylvania. Said return was filed May 7, 1925. It is attached hereto, marked " Exhibit A."

3. The aforesaid consolidated return was for an affiliated group of corporations. Such consolidated return included the income of Ohio Valley Electric Railway Company, which was erroneously believed to be a member of the affiliated group.

4. Subsequent to the filing of the consolidated return (Exhibit A) the respondent determined that the aforesaid Ohio Valley Electric Railway Company was not affiliated with this petitioner and should not have been included in the consolidated group for which the return was filed. In his audit of the return of the affiliated group he excluded the income of Ohio Valley Electric Railway Company.

5. In a letter dated March 9, 1929, the Commissioner of Internal Revenue determined that the correct tax liability of the group, not including the Ohio Valley Electric Railway Company, was $102,291.22, and that there was a deficiency in tax in the amount of $23,068.63. No appeal from this determination was filed with the Board. In a letter dated March 14, 1929, counsel for petitioner waived the restrictions on assessment and collection contained in subsection 274 (a) of the Revenue Act of 1926. The $23,068.63 was assessed against petitioner on March 23, 1929, and was paid by petitioner. Attached

hereto and made a part hereof, marked Exhibit B, is the aforesaid letter dated March 14, 1929.

6. The consolidated return filed by petitioner (Exhibit A) disclosed a tax liability of $79,222.59, which was duly assessed and paid. When he determined that the correct tax liability of the affiliated group was $102,291.22, as indicated in the preceding paragraph, the respondent allocated the entire original assessment of $79,222.59 against the liability of the affiliated group in determining the deficiency of $23,068.63. This resulted in no part of the $79,222.59 being allocated to Ohio Valley Electric Railway Company, the corporation whose income originally had been included in the consolidated return, but which had been excluded by respondent in his audit of the return.

7. On December 19, 1929, respondent determined a deficiency in tax for the year 1924 against Ohio Valley Electric Railway Company in the amount of $2,133.29, issuing a deficiency notice to that company. Ohio Valley Electric Railway Company had a waiver on file extending the statutory period for assessments to December 31, 1929. A copy of such waiver is attached hereto, marked Exhibit C, and is made a part hereof. An appeal from respondent's determination was filed with the Board on February 14, 1930, by Ohio Valley Electric Railway Company. On May 24, 1932, upon stipulation by the Commissioner of Internal Revenue and the Ohio Valley Electric Railway Company, the Board issued a final order that there was no deficiency against Ohio Valley Electric Railway Company for the year 1924. (See Docket No. 47512).

8. The elimination of the deficiency of $2,133.29, as described in the preceding paragraph was due to respondent's reconsidering the tax liability of Ohio Valley Electric Railway Company and allocating to it $2,133.29 of the assessment of $79,222.59, which had been made against petitioner on the original consolidated return, Exhibit A hereto. The Ohio Valley Electric Railway Company reimbursed the petitioner for its portion of the tax assessed on the original consolidated return in the amount of $3,307.78.

9. In respondent's deficiency notice of July 14, 1932, from which this appeal is taken, the tax liability as determined by him in his letter of March 9, 1929, was unchanged, being in the amount of $102,291.22, but he reduced the allocation of tax previously assessed from $79,222.59 (as described in paragraph 6 hereof) to $77,089.30. The deficiency of $2,133.29 is the result of this allocation reduction.

In addition to the stipulated facts the following appears from two documents offered by the respondent and admitted in evidence:

In January 1929 the Commissioner received a form of waiver, dated January 7, 1929, which had been executed and sent by the petitioner. It stated that the taxpayer and the Commissioner thereby waived the time prescribed by law for making any assessment due under any return made by the taxpayer for 1924 and 1925. It was to expire on December 31, 1929. On February 4, 1929, the Commissioner wrote to the representatives of the taxpayer in regard to this document as follows:

Receipt is acknowledged of your letter of January 12, 1929, in which you submit a combined consent and allocation of tax agreement in behalf of the above company and affiliated companies.

Examination of the consent and agreement discloses the fact that you have not used the proper forms in accordance with the requirements of the Bureau,

and for that reason, the combined form submitted is not acceptable. Furthermore the consent submitted only extends the statutory period of limitations of the parent company for the years 1924 and 1925 until December 31, 1929 and does not cover the subsidiary companies.

With respect to the consent forms which extend the period of limitations within which additional tax may be assessed for the years 1924 and 1925, it will be necessary for you to submit separate consents signed by each of the affiliated companies, affixing to each the corporate seal of each corporation signing the consent.

Likewise the agreement for the allocation of the tax must be signed by the proper officers, attested by the Secretary and bearing the corporate seal of each of the affiliated companies, wherein it is agreed that the total Federal income tax based upon the consolidated return for the calendar years 1924 and 1925 may be assessed against the parent company.

Proper forms of consent and agreement for the allocation of tax are enclosed, and it is requested that you have these forms executed and returned to this office within fifteen days from date of this letter.

On December 5, 1933, the day of the hearing in this case, the Commissioner's name was signed to the form of waiver dated January 7, 1929.

The income taxes in question in this proceeding were imposed by the Revenue Act of 1924. Section 277 (a) provides that the amount of such taxes shall be assessed within four years after the return was filed. Thus the statute of limitations on assessment of the taxes imposed upon this petitioner for the calendar year 1924 began to run on May 7, 1925, when the petitioner's return for 1924 was filed, and the statutory period for assessment expired on May 6, 1929, unless it was extended by the consent of both the Commissioner and the taxpayer in writing (section 278 (c)), or unless the running of this period was suspended in some way.

The Commissioner, on March 9, 1929, notified the petitioner of a deficiency in tax and the deficiency then determined was paid by the petitioner without appeal or protest. Section 277 (b) provides that the running of the statute of limitations on the making of assessments shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment and for 60 days thereafter. Where, as here, no petition was filed with the Board, this suspension amounted to 120 days. Thus the statutory period for assessment of the deficiency mentioned in the Commissioner's notice of March 9, 1929, would have expired on September 3, 1929. The deficiency now in controversy is not the deficiency, but is a second one, determined thereafter on July 14, 1932. The Commissioner does not now rely upon the suspension of 120 days which resulted from his first notice and it does not benefit him in any way. Cf. *Alice Wilson*, 23 B.T.A. 644; affd., 60 Fed. (2d) 501.

Section 278 (c) provides that if the Commissioner and the taxpayer mutually consent in writing, the statutory period for assessment may be extended to any date agreed upon by them. The petitioner was once willing to agree with the Commissioner to extend the period for assessment of its 1924 taxes to December 31, 1929, and sent a document to the Commissioner in January 1929 so that the latter might join with the taxpayer and make this document the consent authorized by the statute. However, the Commissioner promptly and definitely rejected this document for the purpose for which it was offered, refused to accept it for any purpose, and so notified the taxpayer on February 4, 1929. In his letter of that date he requested that consents in a different form, which he specified, should be executed and forwarded to him, but these forms were never executed or furnished the Commissioner. There is no suggestion or claim of bad faith on the part of the taxpayer in this connection. Thus there was no valid consent in writing between the taxpayer and the Commissioner to extend the period for assessment beyond May 6, 1929, and, consequently, the statutory period for assessing the taxes here in controversy expired on that day. Cf. *Alice Wilson, supra.*

This case came on for trial before the Board on December 5, 1933. The sole question in controversy was whether or not the statute of limitations on assessment of the deficiency determined in the notice of July 14, 1932, had run when that notice was mailed. A representative of the Commissioner must have found in his file, at the time of the hearing, the old paper which the petitioner had signed on January 7, 1929, and which the Commissioner had definitely rejected on February 4, 1929, and a representative of the Commissioner must have had the Commissioner's name signed to this paper on the very day of the hearing in a vain belated attempt to revive the period for assessment of the taxes in controversy in this proceeding. That document up to that time had been a nullity and had served no useful purpose, since the Commissioner had not signed it, had not relied nor acted upon it, and had definitely rejected it, and the taxpayer had neither accepted nor received any benefits under it. Cf. *Florsheim Brothers Dry Goods Co.* v. *United States,* 280 U.S. 453, 464; *Stange* v. *United States,* 282 U.S. 270, 276; *Aiken* v. *Burnet,* 282 U.S. 277; *Brown & Sons Lumber Co.* v. *Burnet,* 282 U.S. 283; *Burnet* v. *Chicago Ry. Equipment Co.,* 282 U.S. 295; *Commissioner* v. *United States Refractories Corp.,* 64 Fed. (2d) 69; affd., 290 U.S. 501; *Corn Products Refining Co.,* 22 B.T.A. 605; *Liberty Baking Co.* v. *Heiner,* 37 Fed. (2d) 703, 704; *Stearns Co.* v. *United States,* 2 Fed. Supp. 773. The original deficiency was determined within the four-year period of limitation and has been paid. More than four and one half years had elapsed since the document in question had been

rejected and since the expiration of the four-year period of limitations. The petitioner had never asked for the return of the document, but this fact seems immaterial, for it had a right to rely upon the Commissioner's statement that the document was entirely unsatisfactory. Thereafter the taxpayer never renewed its offer to consent to an extension of the statutory period for assessment, either by the use of this document or any other. It would be unconscionable to hold, under such circumstances, that the signing of this paper by the Commissioner at that late date had any effect whatever upon the statute of limitations on assessment.

Section 278 of the Revenue Act of 1926 was amended by section 506 of the Revenue Act of 1928 to provide in part as follows:

(c) Where before the expiration of the time prescribed in section 277 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

* * * * * * *

(f) Any agreement which would be within the provisions of subdivision (c) or (d) of this section but for the fact that it was executed after the expiration of the period of limitation extended by such agreement, shall be valid and effective according to its terms if entered into after the enactment of the Revenue Act of 1928 and before January 1, 1929.

In the present case it is not true that "before the expiration of the time prescribed in section 277 for the assessment of the tax, both the Commissioner and the taxpayer had consented in writing to its assessment after such time." The Commissioner did not sign the document until December 5, 1933. This was after January 1, 1929. Thus the document would not be made valid by the amendments above quoted. Cf. Conference Report, House of Representatives; 70th Cong., 1st sess., Rept. No. 1882, p. 21. The paper did not become the consent authorized by the statute and it did not serve to revive the statutory period for the assessment of the taxes here in controversy. May 6, 1929, was the last day upon which the Commissioner could have mailed a notice of a deficiency which was legally assessable and collectible. The Commissioner, on July 14, 1932, when the notice of deficiency on which this proceeding is based was mailed, was barred from making an assessment of the taxes represented in the deficiency which he then determined.

The respondent contends however that section 240 (h) (1) of the Revenue Act of 1926, amended by section 501 (a) of the Revenue Act of 1928, applies, and under its provisions the statute of limitations on assessment had not run as to this taxpayer's taxes for the year 1924 on July 14, 1932, when the notice of deficiency was mailed. The statutory provision is as follows:

SEC. 501. AFFILIATED CORPORATIONS—STATUTE OF LIMITATIONS.

(a) Section 240 of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

"(h) (1) If a notice under subdivision (a) of section 274 in respect of a deficiency for the taxable year 1922, 1923, 1924, 1925, 1926, or 1927, has been mailed to a corporation, the suspension of the running of the statute of limitations, provided in subdivision (b) of section 277 and in subdivision (1) of section 283, shall apply in the case of corporations with which such corporation made a consolidated return for such taxable year."

The petitioner filed a consolidated return for the calendar year 1924 and erroneously included therein the income of the Ohio Valley Electric Railway Co., with which it was not affiliated. The Commissioner corrected this error, made one determination of the tax liability of the petitioner and its affiliated companies from which there was no appeal, and also, on December 19, 1929, made a timely determination of a deficiency against the Ohio Valley Electric Railway Co. for 1924. The Ohio Valley Electric Railway Co. filed an appeal with this Board. On May 24, 1932, the Commissioner stipulated before this Board that there was no deficiency against the Ohio Valley Electric Railway Co. for the year 1924. He now contends that since he mailed to the Ohio Valley Electric Railway Co. a notice under subdivision (a) of section 274 in respect of a deficiency for the taxable year 1924, and since the petitioner made a consolidated return for that year with the Ohio Valley Electric Railway Co., the suspension of the running of the statute of limitations provided in subdivision (b) of section 277 and in subdivision (1) of section 283 applies in the case of this petitioner. Section 277 (b) of the Revenue Act of 1926 provides:

The running of the statute of limitations  *  *  *  on the making of assessments  *  *  *  in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment  *  *  * and for 60 days thereafter.

Section 283 (1) seems to have no bearing upon this case. It is important to note that sections 240 (h) (1) and 277 (b), relied upon by the respondent, provide for *suspension* of the running of the statute of limitations. Obviously their effect is limited to cases in which the statute has not already run. The notice of deficiency to the Ohio Valley Electric Railway Co. was mailed on December 19, 1929, after the period for assessment against the petitioner in this case had expired. Where, as here, the statute relating to this petitioner had completely run, it was not still running and, consequently, its running could not be suspended by the mailing of a notice to the Ohio Valley Electric Railway Co. on November 19, 1929. Even at that time the Commissioner would have had to revive the period for

assessment against the petitioner in order to make the necessary assessment of the taxes here in controversy. But section 240 (h) (1) does not provide for reviving a period which had already expired and the Commissioner does not suggest any other way in which this period might have been revived.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

SMITH dissents.