Argued at Pendleton May 6; reversed May 21; rehearing
denied September 10, 1940

# McPHERSON *v.* OREGON TRUNK RAILWAY

(102 P. (2d) 726)

[ 1 ]

*Howard T. McCulloch,* of Portland (Carey, Hart, Spencer & McCulloch, of Portland, on the brief), for appellant.

*Bernard H. Ramsey,* of Portland, and *Roscoe Krier,* of The Dalles (Galloway & Krier, of The Dalles, on the brief), for respondent.

RAND, C. J. The plaintiff, a former employee of the defendant company, brought action under the federal employers' liability act to recover for a personal injury alleged to have been caused by the negligence of the defendant in failing to provide the plaintiff with a reasonably safe and suitable place in which to work. The cause was tried to a jury and, from a judgment in plaintiff's favor, the defendant has appealed.

At the close of the trial, the defendant moved for a directed verdict upon the ground that the plaintiff had wholly failed to establish any of the negligent acts specified in the complaint. This motion was overruled.

■ The defendant also contends that the trial court erred in giving and refusing to give certain instructions. The record, however, shows that no objection was made or exception taken in respect to any of said instructions. This leaves, as the sole question for decision, whether the court erred in refusing to direct a verdict.

It is alleged in the complaint that at about 3:30 o'clock on the morning of November 17, 1937, the plaintiff, while in the course of his employment, was struck and injured by the falling of a rock from the side of a deep cut in solid rock through which the defendant's railroad track is constructed; that, at the time of the accident, he was employed as a night watchman to patrol some three miles of defendant's track and to remove from the track any rock which might fall thereon and thereby endanger the safe passage of trains, and that he had been so employed on said beat every night continuously from 8 p. m. until 6 o'clock on the following morning for more than one year prior thereto.

It appears from the testimony that, in said distance of three miles so patrolled by plaintiff, there are a

number of deep cuts through which the road passes, in all of which rock was liable to fall upon the track; that several trains pass thereover during the night, and that, because of the danger of falling rock, it was deemed necessary to employ a night patrolman to guard against the possibility of rocks falling upon the track and thereby interfering with the safe passage of its trains. It also appears that night patrolmen are not employed by the defendant except where there is danger of rocks falling upon the track.

The only evidence of the circumstances surrounding the falling of this rock is that furnished by the plaintiff who was alone at the time of the accident. He testified that, while walking through this cut in the performance of his duties as a patrolman, upon hearing the noise made by this rock as it commenced to fall, he started to run and was struck and knocked down before he could get away. He also testified that there were some spikes protruding from the ties at that place which he claims impeded his running and that permitting them to remain there was an act of negligence upon the part of the defendant company which renders the defendant liable for plaintiff's injury from the falling rock. But he testified to no fact or circumstance from which it can be reasonably inferred that their presence there was the proximate cause of his injury, or that their presence in any way contributed in whole or in part to his injury. Under plaintiff's testimony, it is clear that the presence of these spikes was a condition and not the cause of his injury. Moreover, there was no evidence tending to show that, prior to the injury, the defendant had actual or constructive notice of their presence there. Plaintiff offered no testimony tending to show what caused the rock to fall. So far as the

testimony shows, no one ever saw this rock before it fell. Hence, the cause which impelled it to fall is purely a matter of speculation and conjecture. Whether it fell because of the negligence of the defendant or from natural causes over which the defendant had no control and of which it had no notice is purely a matter of guesswork.

The evidence shows, and it is undisputed, that the rock on the side of the cut where the accident occurred is full of seams, crevices and fissures and that, from natural causes such as erosion due to wind, rain, snow, freezing and thawing, rocks upon the side of this cut become loose and fall, and that it was because of these conditions that plaintiff's employment by the defendant became necessary. The evidence further shows that on the night of the accident there was a violent rain storm which might have had the effect of loosening the rock from the side of the cut and causing it to fall.

The evidence further shows that shortly before the accident, the defendant widened this cut at said point and had trimmed and cleared the same of rock which would be liable to fall, men being suspended from the top of the cut by ropes, and the evidence shows that this work was done by an experienced rock crew and some of these men were called and testified that all rocks which were loose or liable to fall were removed from the cut and that the job was completed some three days before the accident happened, after which it was inspected by the roadmaster who testified that it was safe.

In support of its motion for a directed verdict, the defendant assigned two main reasons: first, that there was no evidence from which the jury would be entitled to infer that plaintiff's injury was caused by the negli-

gence of the defendant, and, second, that the plaintiff, who had been employed to remove the rock which might fall from these cuts, knew that rocks might fall and injure him while engaged in the performance of his work, and that, in accepting his said employment, he assumed the risk.

■ It is settled by the decisions of the federal supreme court that, under the federal employers' liability act, there is no liability upon the part of a railroad carrier in the absence of negligence for an injury sustained by an employee in the course of his employment: *Seaboard Air Line v. Horton,* 233 U. S. 492, 501, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; *New York Central R. R. Co. v. Winfield,* 244 U. S. 147, 150, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139; *Missouri Pac. R. R. v. Aeby,* 275 U. S. 426, 429, 48 S. Ct. 177, 72 L. Ed. 351. In the case last cited, it was held that the carrier is not an insurer of an employee's safety, nor is there any guaranty that the place will be absolutely safe. The measure of duty in such cases is reasonable care having regard to the circumstances. The court then said:

"No employment is free from danger. Fault or negligence on the part of petitioner may not be inferred from the mere fact that respondent fell and was hurt."

In *N. W. Pacific R. Co. v. Bobo,* 290 U. S. 499, 502, 54 S. Ct. 263, 78 L. Ed. 462, it is said:

"Our decisions clearly show that 'proof of negligence alone does not entitle the plaintiff to recover under the Federal Employers' Liability Act. The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause and the case must be withdrawn from its consideration unless there is evidence from which the inference may reasonably be drawn that the injury suf-

fered was caused by the negligent act of the employer.' Atchison, T. & S. F. Ry. Co. v. Toops, 281 U. S. 351, 354, 355; Chicago, M. & St. P. R. Co. v. Coogan, 271 U. S. 472; Atchison, T. & S. F. Ry. Co. v. Saxon, 284 U. S. 458.''

Again, in *New York Central R. Co. v. Ambrose*, 280 U. S. 486, 489, 50 S. Ct. 198, 74 L. Ed. 562, the court said:

''In any view of the matter, the respondent (plaintiff), upon whom lay the burden, completely failed to prove that the accident was proximately due to the negligence of the company. It follows that the verdict rests only upon speculation and conjecture, and can not be allowed to stand. C. M. & St. P. Ry. v. Coogan, 271 U. S. 472, 478, and cases cited.

''The utmost that can be said is, that the accident may have resulted from any one of several causes, for some of which the company was responsible, and for some of which it was not. This is not enough. See Patton v. Texas & Pacific R. Co., 179 U. S. 658, where, at page 663, this court said:

'' 'The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employe to establish that the employer has been guilty of negligence * * * it is not sufficient for the employe to show that the employer may have been guilty of negligence —the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employe is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his

testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs.' "

Again, in *Delaware Etc. R. R. Co. v. Koske*, 279 U. S. 7, 10, 49 S. Ct. 202, 73 L. Ed. 578, the court said:

"The Federal Employers Liability Act permits recovery upon the basis of negligence only. The carrier is not liable to its employees because of any defect or insufficiency in plant or equipment that is not attributable to negligence. The burden was on plaintiff to adduce reasonable evidence to show a breach of duty owed by defendant to him in respect of the place where he was injured and that in whole or in part his injuries resulted proximately therefrom. And, except as provided in § 4 of the Act, the employee assumes the ordinary risks of his employment; and, when obvious or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees. Seaboard Air Line v. Horton, 233 U. S. 492, 501. St. Louis, etc. Ry. v. Mills, 271 U. S. 344, Northern Ry. Co. v. Page, 274 U. S. 65, 75. * * * Fault or negligence may not be found from the mere existence of the drain and the happening of the accident. The measure of duty owed by defendant to plaintiff was reasonable or ordinary care having regard to the circumstances. Patton v. Texas and Pacific Railway Co., 179 U. S. 658, 664.''

██ Under these decisions, in cases arising under the federal employers' liability act, the duty of the defendant to furnish the plaintiff with a safe and suitable place in which to work is not an absolute duty but merely a duty to use reasonable care according to the circumstances. In such case, the defendant is not an insurer nor a guarantor of the safety of an employee while engaged in the performance of his work, but is required only to use ordinary and reasonable care in

providing him with a safe place in which to work and with safe and suitable appliances for the doing of the work. Moreover, the mere proof of an accident, without showing that it was caused by the negligence of the defendant or that of its employees, is not sufficient in itself alone to create liability upon the part of the defendant.

■ The rule of *res ipsa loquitur*, a phrase meaning that the thing speaks for itself, has no application under the facts in the instant case. That doctrine is applicable where the thing producing the injury is shown to be under the control and management of the defendant and the character of the accident is such as necessarily involves negligence or that the occurrence causing the injury is one which, in the ordinary course of events, does not happen if due care has been exercised. In such cases the fact of the injury itself is sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. 20 Am. Jur., section 218.

■ Here, the evidence tends to show that the defendant exercised due care to prevent rocks from falling upon its track, and that it was because rocks were liable to fall at any time that the plaintiff was employed as a night patrolman to protect the track from falling rocks. Under these circumstances, we think that the following rule announced in *Ragolsky v. Nuremberg*, 211 Mass. 575, 98 N. E. 594, should be applied:

"We have here the mere occurrence of an accident. To infer from that alone that it was caused by the negligence of the defendants would be to assume the very issue which the plaintiff is obliged to prove. This is not a case of res ipsa loquitur, where we can say that in the ordinary course of things such an accident

could not happen unless from careless construction, inspection, or use attributable to the employer''.

This renders unnecessary the consideration of the question whether the plaintiff assumed the risk and requires a reversal of the judgment appealed from.

The judgment is, therefore, reversed and the cause remanded to the court below with directions to dismiss the action.

BELT, KELLY and LUSK, JJ., concur.