FREDERICK W. LEHMAN *vs.* ALONZO G. VAN NOSTRAND.

Suffolk.   November 19, 1895. — February 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Assumption of Risk.*

An employee cannot recover for personal injuries occasioned by the bursting of a
bottle of ale while he was engaged in packing ale for his employer, if he knew
and appreciated the risk, and must upon his own statement be held to have
assumed it.

TORT, for personal injuries occasioned to the plaintiff while in
the defendant's employ.   The declaration contained two counts
under the employers' liability act, St. 1887, c. 270.   Trial in
the Superior Court, before *Dunbar*, J., who refused to rule, as
requested by the defendant, that, upon all the evidence, the
plaintiff could not maintain his action.

The jury returned a verdict for the plaintiff; and the defendant
alleged exceptions, the nature of which appears in the opinion.

The case was argued at the bar in November, 1895, and after-
wards was submitted on the briefs to all the judges.

*S. H. Tyng*, for the defendant.

*H. P. Harriman & F. J. Daggett*, for the plaintiff.

ALLEN, J.   The injury to the plaintiff resulted from the
bursting of a bottle of ale while he was engaged in packing ale
for the defendant.   There was evidence tending to show that the
ale was too lively to be handled with safety, and was likely to
cause the bottles to burst.   The plaintiff had been at work for
the defendant about ten days.   Before that he had had a ·large
experience in packing sweet beers, ale, and lager in champagne
bottles, but had never seen a bottle of ale explode like that which
caused the injury to him until the day of the accident.   On that
day, two bottles had previously exploded, and he knew that this
was because the ale was in too lively a condition, and before he
was injured he knew there was danger in handling the bottles
and packing them.   The accident to the plaintiff happened about
an hour afterwards.   The plaintiff needed no more instruction
to inform him that there was danger, and in fact he knew and

appreciated the risk, and must, upon his own statement, be held to have assumed it; and, in the opinion of a majority of the court, the defendant was entitled to an instruction to the jury accordingly. *Exceptions sustained.*