ALDEN FULLER *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.   December 11, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Master and Servant — Railroad — Dangerous Appliance —
Negligence — Assumption of Risk — Action.*

If, in an action against a railroad corporation for personal injuries caused by the
bursting of an appliance upon a locomotive engine on which the plaintiff was
employed, the only fair inference to be drawn from the whole evidence is that
the appliance was put upon the locomotive for a legitimate purpose, that it was
of a kind well known and in common use for that purpose, that it was purchased
from a well known and reputable maker by whom it had been thoroughly
and carefully tested, and that it was the usual course to put it into use in the
condition in which it was, without a guard, no negligence on the defendant's part
can be found.

In an action against a railroad corporation for personal injuries occasioned, by the
bursting of the glass tube of an oiler upon a locomotive engine, to the plaintiff,
who had been a locomotive fireman for six months and had run a stationary
engine before that, and who knew that the pressure of the steam in the boiler
acted in the glass tube of the oiler and was liable to cause the tube to burst, he
will be held to have assumed an obvious risk of his employment and to be pre-
cluded from maintaining the action.

TORT, for personal injuries sustained by the plaintiff, while in
the defendant's employ as a locomotive fireman, by the bursting
of the glass tube of an oiler attached to the boiler of a locomotive
engine, through the alleged negligence of the defendant.   Trial
in the Superior Court, before *Gaskill,* J., who, at the defendant's
request, ruled that the action could not be maintained, and
directed the jury to return a verdict for the defendant; and the
plaintiff alleged exceptions.   The facts appear sufficiently in the
opinion.

*G. F. Williams,* (*J. A. Halloran* with him,) for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

BARKER, J.   In our opinion the court was right in ordering
the verdict.   The only ground for contending that the defendant
was negligent was its having in use the appliance by the bursting
of which the plaintiff was hurt.   But upon the evidence intro-
duced by the plaintiff that appliance was one well known and in

common use, and purchased of a well known and reputable maker, by whom all such appliances were thoroughly and carefully tested before being sold for use. While the plaintiff's evidence tended to show that before the time of the accident in very rare instances some kind of a guard had been used upon such appliances, it also showed that generally they were used with no guard. The evidence introduced by the defendant was to the same effect, so that upon the whole evidence the only fair inference to be drawn was that the appliance was put upon the locomotive for a legitimate purpose, that it was of a kind well known and in common use for that purpose, that it was purchased from a well known and reputable maker, by whom it had been thoroughly and carefully tested, and that it was the usual course to put it into use in the condition in which the appliance was, without a guard. The result is that negligence upon the part of the defendant could not be found from the evidence. *Reynolds* v. *Merchants' Woolen Co.* 168 Mass. 501, and cases cited.

Besides this, the plaintiff upon his own evidence must be taken to have known that the glass tube of the oiler was liable to burst from the pressure upon it from within. His own testimony shows that he knew that the pressure of the steam in the boiler acted in the tube. He had been a locomotive fireman for six months and had run a stationary engine before that time, and the necessary inference is that he was familiar with the action of steam. His own statements as a witness, and the undisputed facts as to his knowledge of steam and of appliances similar to the one which burst, were such that he must be deemed to have known that the tube was liable to burst. It was in plain sight and the danger was obvious, and was one of the usual and accepted risks of his employment. *Lehman* v. *Van Nostrand,* 165 Mass. 233. *Bell* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 443, and cases cited.

*Exceptions overruled.*