OLIVER M. DEAN *vs.* WASHBURN AND MOEN MANUFAC-
TURING COMPANY.

Worcester.    October 3, 1900. — October 25, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Oral Contract after a Written One — Oral Evidence to vary Terms of
Written Contract.*

While parties may make a new contract orally, immediately after signing one in writing, yet if, after the signing and at the same interview, they talk it over and attempt to explain and construe it, without any intent to modify it or to make a change, no new contract is made.

To show by oral evidence that at some time before the contract in suit the parties had agreed to a limitation of the amount of the merchandise stipulated therein to be furnished would be to vary the terms of a written contract, and therefore inadmissible.

CONTRACT, upon a written agreement. At the trial in the Superior Court, before *Gaskill*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*R. Hoar*, for the defendant.

*C. W. Wood & C. H. Wood*, for the plaintiff.

LATHROP, J. There had been a contract between the parties dated June 19, 1896. This contained the phrase " not exceeding fifty barrels during the period mentioned hereafter," namely, for six months from July 1, 1896. On December 29, 1896, a similar contract was entered into for the six months beginning January 1, 1897, with the exception that the words " not exceeding fifty barrels during the period mentioned hereafter " had a line in ink drawn through them. Another contract was made July 7, 1897, which was renewed by a rider dated July 7, 1898,

until January 1, 1899. The contract declared on is dated December 15, 1898, and runs for the six months beginning January 1, 1899. It is full and complete in its terms, but contains no limitation of the amount the defendant was to furnish, except that the defendant agreed to sell and the plaintiff to buy the " entire amount of buyer's consumption or purchases of tinned broom wire."

The only question raised by the exceptions is whether the defendant was entitled to put in evidence the conversation between the plaintiff and the defendant at the time the negotiations for the contract of December 29, 1896, were going on, and the phrase above mentioned was erased. In a colloquy between the counsel for the defendant and the judge there was a further offer made as follows: " And if it was after the time that this contract had been signed and delivered to Mr. Dean, and before the parties separated, what the stipulation then was and the agreement then was with regard to the quantity that was to be drawn under that contract." The judge excluded the question. While there is no doubt of the power of the parties to make a new contract orally, immediately after signing the one in writing, yet it is true, as was pointed out in *Dixon* v. *Williamson*, 173 Mass. 50, that if the parties after the contract is signed, and at the same interview, talk it over and attempt to explain and construe it, without any intent to modify it, or to make a change, no new contract is made. The offer in this case would seem to fall within the latter class. If, however, we assume that it has a broader scope, we still are of opinion that the ruling in this case was right.

As we have already said, the contract in suit was complete in itself. The plaintiff agreed to buy and the defendant to sell the " entire amount of buyer's consumption or purchases of tinned broom wire," at prices named. It was a mutual contract. The plaintiff could not buy this material except from the defendant, and the defendant agreed to let the plaintiff have what he needed for his own consumption or for " purchases." The plaintiff was a manufacturer and also a retail dealer in manufacturers' supplies, including tinned broom wire. Whatever was reasonably necessary for these purposes the plaintiff was entitled to have. To show by oral evidence that at some time before the

contract in suit the parties had agreed to a limitation of the amount to be furnished would be to vary the terms of the written contract, and therefore inadmissible.

*Exceptions overruled.*