JOHN A. McAULIFFE *vs.* JOHN E. GALE & another.

Essex.　November 6, 1901. — January 4, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Negligence*, Employer's liability: Assumption of risk.

A workman in a shoe factory who continues to work within fourteen feet of a planing machine, from which he has seen pieces of wood and sawdust fly in his direction whenever it was in operation, cannot recover from his employer for an injury caused by his being struck in the eye by a small particle of wood thrown out by the machine, the risk of getting hit being an obvious one which he assumed; and the fact that the machine was put into the room after the workman was employed at the factory is immaterial.

TORT by a workman in a shoe factory against his employer for an injury caused by the plaintiff being struck in the eye by a small particle of wood thrown out by a planing machine, while the plaintiff was operating a rolling machine about fourteen feet away. Writ dated March 18, 1899.

At the trial in the Superior Court, *Bell*, J. at the close of the

plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*M. A. Pingree*, for the plaintiff.

*C. A. DeCourcy*, for the defendants.

LATHROP, J.   At the time of the injury the plaintiff was twenty-six years old, and had worked in shoe shops ten years upon machines.   Nothing appears to show that he was not a person of ordinary intelligence.   He had been at work for the defendant for more than a year, and had worked in the room where he was injured for several months before the accident happened.   The place where he worked was about fourteen feet from the knife of a Daniels planer, so called.   The knife of this machine consists of an arm about twenty-eight inches in length, rotating from the centre, there being a small knife at each end. When in operation the arm rotates at a velocity of about thirty-four hundred revolutions a minute.   Two experts for the plaintiff testified that pieces of wood and sawdust would fly in every direction, for more than fourteen feet.   The plaintiff testified that he had seen sawdust and chips fly from the planer in his direction whenever the planer was in operation, but that the particles never reached him, although he had been at work there for several months, until he received the injury complained of, which was caused by a small particle of wood, similar to sawdust and coming from the planer, striking him in the eye.   The plaintiff did not contend that the planer was not in perfect condition, and run by competent and careful workmen.

On this evidence we are of opinion that the judge who tried the case rightly directed a verdict for the defendant.   The risk which the plaintiff assumed in working in close proximity to a planing machine was an obvious one, for which he cannot recover.   Knowing that chips and sawdust were being thrown in his direction, he continued the work and took the chance of being hit.   See *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278 ; *Whelton* v. *West End Street Railway*, 172 Mass. 555 ; *Fuller* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 424. See also *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144.

The fact that the planer was put into the room after the plaintiff entered the defendant's employ is immaterial.   *Carrigan* v. *Washburn & Moen Manuf. Co.* 170 Mass. 79.

*Exceptions overruled.*