JULIUS RAGOLSKY *vs.* HARRY NURENBERG & another.

Suffolk.    March 11, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.*

In an action by a boy against his employer for injuries sustained from the bursting of a bottle while the plaintiff was operating a bottling machine of the defendant, it appeared that the breaking of bottles was expected to occur, and the plaintiff contended that his injury was due to the defective working of doors of the machine which should have closed automatically to prevent the fragments of glass from reaching him. Twice before the day of the accident the plaintiff had worked on the machine and it then was in good order and there was no evidence that it was used by any one else before the accident. There was no evidence of previous trouble in regard to the closing of the doors or of any defect in their condition or adjustment or of any lack of proper inspection. *Held,* that, assuming that the failure of the doors to close had caused the plaintiff's injury and was due to some defect in the mechanism that controlled them, there was no evidence that the defendant was negligent in failing to anticipate that the doors would not close as usual and that the plaintiff was not entitled to go to the jury.

DeCOURCY, J.  The injury to the plaintiff's eye resulted from the bursting of a bottle while he was working for the defendants upon a machine for bottling tonics. The only evidence in the case was the testimony of the plaintiff. In consequence of his imperfect command of the English language and the fact that some of his explanations were indicated to the jury by motions of the hands and appear in the exceptions only by the word "indicating," which conveys no meaning to us, the meagre record fails to dis-

close an adequate description of the machine and of important details connected with the accident. Apparently the operator first placed an empty bottle in the machine and pressed his foot upon a treadle, whereupon two iron doors closed automatically by means of one or more springs and partially or wholly enclosed the bottle. He then pressed down a lever handle, the water and syrup flowed into the bottle, and a further pressure upon the handle closed the bottle and inserted a stopper. The motions followed each other in quick succession, the whole operation requiring only two or three seconds.

The plaintiff was sixteen years of age, had been in the employ of the defendants two or three weeks, and was taught to operate the three bottling machines in the shop. Twice before the day of the accident he worked on the machine in question. The last time it worked all right; and there was no evidence that it was used by any one else in the meantime. During the forenoon of the day of the accident he worked on one of the other machines, and after noon was filling the first bottle on this one when the injury occurred. The entire testimony as to the happening of the injury is as follows: "Q. Will you please tell us what happened while you were filling? A. As soon as I put in the bottle in the machine I began to let the water go, and she was full, and as soon as I began to close it up she bursts right in my eye. . . . —Q. Well do you know how it happened that the bottle broke that afternoon? A. Well I was filling the bottle and it broke, that is all I know."

The only other testimony that bears upon the issue of negligence is the following conversation between the plaintiff and one of the defendants after the accident: "I have told him how it was so. 'Well,' he says, 'That is a little — it only costs us thirty-five cents a spring to that door — it is so close —'."

We have here the mere occurrence of an accident. To infer from that alone that it was caused by the negligence of the defendants would be to assume the very issue which the plaintiff is obliged to prove. This is not a case of *res ipsa loquitur*, where we can say that in the ordinary course of things such an accident could not happen unless from careless construction, inspection or use attributable to the employer. The plaintiff's claim is not based on the mere breaking of the bottle; he knew from experience that this was likely to occur, and so far as the evidence shows it

could not be prevented.  *Lehman* v. *Van Nostrand,* 165 Mass. 233.  *Fuller* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 424.  His contention is that the doors were designed to prevent the fragments of glass from reaching him, and that the injury was due to the failure of the doors to close.  But even if we assume that the doors remained open and that the glass which occasioned the harm came through the opening, and infer that the failure of the doors to close was due to some defect in the mechanism that controlled them — all of which is somewhat conjectural — the plaintiff fails to show that the defendants were negligent in failing to anticipate that the doors would not close as usual.  There was no evidence of previous trouble in their operation, none of defect in their condition or adjustment, none of lack of proper inspection.  Upon the evidence taken most favorably for the plaintiff we have for the first time a defective operation of a suitable machine, with no circumstances shown which indicate negligence on the part of the defendants in their failure to foresee that the doors would not close as usual.

As the plaintiff has failed to show that the injury was due to negligence on the part of the defendants, it becomes unnecessary for us to consider the issues of his due care and assumption of risk.

The trial judge* directed a verdict for the defendants upon this evidence; and under the report judgment is to be entered upon the verdict.

*So ordered.*

*L. S. Thierry,* for the plaintiff.
*D. Stoneman,* (*A. G. Gould* with him,) for the defendants.

———

\* *Pratt,* J.