CHRISTINE McALLER, administratrix, *vs.* EGDAR L. GILLETT & others, executors.

Hampden. March 22, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Employer's liability, In operating pile driver, *Res ipsa loquitur.*

In an action at common law by an administrator against the employer of the plaintiff's intestate for personal injuries of the plaintiff's intestate sustained before the provisions of the workmen's compensation act relating to liability took effect, there was evidence that the plaintiff's intestate was set at work in the operation of a pile driver in a pond of water ten or twelve feet deep, the intestate standing on a plank that was laid across two pieces of timber which extended forward on either side of the pile driver, that it was the duty of the intestate to guide a follower,

which was a piece of timber with a spike on the end of it that fitted into a hole in the top of each pile, while the hammer striking the follower drove the pile to the required depth, that a pile had been driven, and that then "they started to pull up the follower and it came up suddenly without any warning to him with a jerk and that it jumped up on the upper end and struck a cross piece that was across the front part of the pile driver frame," and, "when it struck that, the foot of it bounded outward and struck the plank on which [the intestate] was standing, knocking it out from under his feet and knocking him over in a somersault shape so that he fell head first, and came in contact with the pile striking the right side of his head." It did not appear that the follower ever before came up "with a jerk," and there was nothing to explain why it jumped out at this time, and there was no evidence that the construction or arrangement of the derrick that hoisted the follower was such that the employer had any reason to apprehend such an occurrence as resulted in the intestate's injuries. *Held,* that there was no evidence of negligence on the part of the defendant employer. In the case above described it also was *held* that this court could not say that the accident was one which in the ordinary experience of mankind would not have happened without negligence on the part of the employer or of one for whose negligence he was responsible, and consequently that the doctrine of *res ipsa loquitur* had no application.

TORT at common law by the administratrix of Archibald McAller, late of New Haven in the State of Connecticut, against the executors of the will of Ralph D. Gillett, late of Westfield, the employer of the intestate, who carried on business under the name of the Woronoco Construction Company, for conscious suffering of the plaintiff's intestate caused by personal injuries sustained by him on May 15, 1912, while in the employ of the defendants' testator, from which he died on September 18, 1912. Writ dated November 2, 1915.

The workmen's compensation act, excepting Part IV, relating to the Massachusetts Employees Insurance Association, and Part III, §§ 1, 2, 3, relating to the Industrial Accident Board, took effect on July 1, 1912. See St. 1911, c. 751, Part V, § 6, as amended by St. 1912, c. 571, § 19.

In the Superior Court the case was tried before *Callahan, J.* The facts most favorable to the plaintiff which could have been found upon the evidence are stated in the opinion. At the close of the plaintiff's evidence, the defendants filed a motion that a verdict be ordered for the defendants. The judge granted the motion and ordered a verdict for the defendants, and reported the case for determination by this court. If the ordering of the verdict for the defendants was correct, the verdict was to stand; otherwise, there was to be a new trial.

The case was submitted on briefs.

R. A. Bidwell, for the plaintiff.

A. L. Green & F. F. Bennett, for the defendants.

DE COURCY, J. The plaintiff's intestate, Archibald McAller, was injured while working on a pile driver. The only evidence introduced at the trial was that of declarations made by McAller to his family and attorney, between the time of his injury in May, 1912, and his death in the following September. The description of the apparatus and the story of the accident are meagre and incomplete. In its aspect most favorable to the plaintiff the testimony tends to show the following facts:

A pile driver had been set up over a pond of water ten or twelve feet deep, in order to drive piles for the foundation of a railroad bridge. There were two pieces of timber, one each side of, and at right angles with the face of, the pile driver; and on these, "across the front," was laid a plank on which the intestate was set at work by Gillett, the defendants' testate. When a pile was driven as far as the hammer could drive it, a "follower" was used. This was a piece of timber about six feet long, on the bottom of which was a pintle or bolt, an inch in diameter and about five inches long. This bolt was dropped into a hole in the top of the pile, in order to keep the follower in its place while it was being used to drive with. When the pile was driven to the required depth a rope was attached to the follower, and it was pulled up.

It was the duty of McAller to guide the follower so that the bolt would feed into the hole in the top of the pile, and also to steady it there until the hammer drove the pile down so that "the earth or whatever came round the follower would keep it steady itself." It does not appear who fastened on the rope, or what McAller's duties were while the follower was being hoisted.

The intestate had been at work some hours when the accident happened. Presumably the pile driver was shifted after each pile was driven; and at the same time some one must have moved the plank on which he stood when at work. According to McAller's statement, as testified to by his attorney, a pile had been driven; then, "they started to pull up the follower and it came up suddenly without any warning to him with a jerk and that it jumped

up on the upper end and struck a cross piece that was across the front part of the pile driver frame. When it struck that, the foot of it bounded outward and struck the plank on which McAller was standing, knocking it out from under his feet and knocking him over in a somersault shape so that he fell head first, and came in contact with the pile striking the right side of his head."

Assuming that there was evidence for the jury that the plaintiff's intestate used due care, and did not assume the risk, this meagre record discloses no negligence on the part of the defendants' testator. It does not appear that the follower ever before came up "with a jerk," which might operate as a notice to the employer. No explanation was offered as to why it jumped out at this time. There was no evidence that the construction or arrangement of the derrick was such that the employer should apprehend such a complicated occurrence, beginning with the traveller striking the "cross piece," tipping, and knocking the plank from under the intestate. In short the plaintiff failed to produce evidence which would warrant a jury in finding that the accident was due to either of the causes of action alleged in her declaration. *Ragolsky* v. *Nurenberg,* 211 Mass. 575.

In the absence of any proof that the movement of the follower was due to any defect or latent danger in the derrick or its appliances, the plaintiff invokes the doctrine of *res ipsa loquitur.* But we cannot say that the accident was one which in the ordinary experience of mankind would not have happened unless from negligence on the part of the employer, or that of others for whose negligence he was responsible. On the contrary, if we consider the inferences that properly might be drawn from the facts disclosed, the accident well may have been due to a careless starting of the engine, by applying the power suddenly and with too great force; or it is equally inferable that the rope was adjusted too far from the top of the follower, which would give it a tendency to tip outward when separated from the pile. These, and some other explanations that might be conjectured, would indicate that the accident was due to negligence on the part of a fellow servant of McAller, for which the employer would not be liable. In any event it is plain that the doctrine of *res ipsa loquitur* is not applicable to the facts disclosed. *Trim* v. *Fore River Ship Building*

*Co.* 211 Mass. 593. *Cullalucca* v. *Plymouth Rubber Co.* 217 Mass. 392.

The verdict for the defendants was ordered rightly; and in accordance with the report the entry must be

*Verdict to stand.*