JOHN O. WOOD *vs.* CANADIAN IMPERIAL DRY INC.

CYRUS WOOD *vs.* SAME.

Suffolk.     October 6, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Employer's liability: failure to warn.  *Evidence*, Admissions.

A manufacturer of carbonated beverages, who knew of the danger to employees from the bursting, where they were working, of bottles subjected by their contents to pressure, properly could be found negli-

gent in setting to work, without protection or warning, a new employee who had no knowledge of such danger, though it was one which the manufacturer could not avoid in the ordinary course of his business.

At the trial of an action by an employee against his employer for personal injuries resulting from the bursting of a bottle of carbonated beverage, evidence was admissible, as showing an admission by· the defendant that there was danger that bottles might explode and that the defendant recognized the danger, of a conversation between the defendant and another employee, to the effect that the defendant wanted to get screen goggles for employees working among the bottles.

TWO ACTIONS OF TORT.  Writs in the Superior Court dated June 13, 1931, and July 13, 1933.

The actions were tried before *Sheehan*, J.  There were verdicts for the plaintiffs in the sums, respectively, of $7,000 and $800.  The defendant alleged exceptions.

*W. R. Donovan*, (*J. T. Connolly* with him,) for the defendant.

*J. P. Rooney*, for the plaintiffs.

LUMMUS, J.  The first action is brought by a minor, hereinafter called the plaintiff, for personal injuries.  The second action is brought by his father for consequential damages.  The defendant is a manufacturer of ginger ale, a carbonated beverage, and was not insured under the workmen's compensation act.  G. L. (Ter. Ed.) c. 152, § 66. *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503, 505. Subject to the exceptions of the defendant, the judge denied its motions for directed verdicts in its favor.  The jury returned a verdict against the defendant in each case.

Bottles were filled by an automatic filling machine, which put into each bottle the required quantity of ginger syrup, added carbonated water, and then crowned or sealed the bottle with a metal cap or cover.  The pressure of the carbonated contents was sixty pounds to the square .inch. There was evidence that while the plaintiff was working for the defendant, inspecting filled bottles to see that labels had been properly pasted on them and then putting them into cartons for shipment, one of the bottles which he was not handling at the time exploded, and he was hurt.  The defendant argues that there is no evidence that he was not using force which made the bottle explode, but there is

nothing in this contention. The plaintiff testified, "I took it [a bottle] and walked over to the case that had a few others in it and I set it down. As I set it down and was straightening up, one of the other bottles blew up and hit me in the eye." He further testified, "I knew that you have got to handle these bottles easily or they would break . . . I did not toss any of those bottles over into that case." The jury could have inferred, without a more precise description of his act, that he set the bottle down properly.

There was evidence tending to show that the explosion without external cause of a number of bottles after they had been filled and while they were in the same stage of manufacture as the bottle in question, was a daily happening in the factory. The jury might infer that a fact of such frequent occurrence was known to the responsible officers of the defendant. Besides, there was direct evidence that they had witnessed such occurrences. The plaintiff had never been in the factory before the evening on which he was hurt, although he had handled carbonated beverages as a bus boy in a restaurant. He was given no warning that there was danger of the explosion of bottles, and had no knowledge of any such danger. His knowledge that bottles might be broken by careless handling was not equivalent to knowledge of the danger that confronted him in the factory. In *Lehman* v. *Van Nostrand,* 165 Mass. 233, the plaintiff was familiar with the danger of bursting bottles. See also *Ragolsky* v. *Nurenberg,* 211 Mass. 575; *Russell* v. *Spaulding,* 238 Mass. 206.

We think that the defendant could be found negligent in setting the plaintiff to work in a dangerous place without protection or warning. *Leary* v. *Boston & Albany Railroad,* 139 Mass. 580, 584. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152. *Bernabeo* v. *Kaulback,* 226 Mass. 128, 130. *Walsh* v. *Boston & Maine Railroad,* 284 Mass. 250. *Cronan* v. *Armitage,* 285 Mass. 520. *Fraioli* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 450. *Neiss* v. *Burwen,* 287 Mass. 82. *Watkins* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 448. *Engel* v. *Boston Ice Co.* 295 Mass. 428.

The plaintiff's brother, Vernon C. Wood, who had been employed for some time by the defendant, testified as follows, subject to the defendant's exception: "In the early part of May, 1931, I had some conversation with Isaac Spinoza [the treasurer and apparently the general manager of the defendant] in reference to getting goggles for the men inspecting bottles at the plant. Mr. Spinoza told me he wanted to get goggles, a screen goggle for the boys in the factory. He said to go over to Cambridge to an address that he gave me and get a price on some goggles. . . . [On returning] I told him the prices of the goggles and gave him a small booklet. He said it was a lot of money." The defendant excepted also to the following passage in the charge: "The defendant was under no legal obligation to furnish goggles for . . . [its] employees; and there is no evidence in the case of any custom in the bottling trade for the defendant to furnish goggles to its employees. The evidence relative to the goggles was permitted simply for the purpose of whatever effect it might have on your weighing of the evidence as to the general condition there. If you should find that such conversation did take place between Vernon Wood and Mr. Spinoza . . . that would bear upon the question of whether or not there was a dangerous condition there in the factory relative to the matter of the bursting or exploding of bottles."

We think there was no error. The testimony as to the goggles showed an admission that there was danger that bottles might explode during inspection, and was evidence that the defendant recognized the danger. *McGenness* v. *Adriatic Mills*, 116 Mass. 177.

The defendant excepted to the giving in substance of the following instruction requested by the plaintiff: "If you find that the duty to warn existed and that no warning was given then you may find that the defendant was negligent even though the danger was one that the defendant in the ordinary conduct of its business could not avoid." In that there was no error. *Gilbert* v. *Guild*, 144 Mass. 601, 604. *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 281.

Other exceptions appear in the record, but have not been

argued, except one exception to the admission of a long and varied section of evidence, without specification. As to that, the short answer is that no harm to the defendant is, shown. In each case the entry will be

*Exceptions overruled.*