WILLIAM TALLMAN & others *vs*. TOWN OF MARION.

Bristol.    December 9, 1959. — February 8, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Contract*, With architect, Construction, What constitutes, Condition
precedent.  *Equity Pleading and Practice*, Rehearing.

In a suit in equity by an architect for a declaratory decree respecting an
agreement with the defendant, a town, for his professional services in
connection with a building which the defendant proposed to erect
and for which it had appropriated a specified amount, there was error
in a ruling by the trial judge that failure of the plaintiff to furnish
plans and specifications permitting the work to be done within the
amount appropriated by the defendant was a breach of the agreement
where it appeared that, although the plaintiff had "assured" the de-
fendant that the cost of the building would not exceed the amount
appropriated and "at all times . . . the parties [had] understood and
acted upon . . . [that] assumption," such cost was unknown when
the agreement was made and the agreement was not ambiguous or
incomplete and provided that the defendant would pay the plaintiff a
fee of a certain per cent "of the cost of the work" erected, defining such
cost as "cost to the owner, . . . [excluding] any architect's or en-
gineers' or special consultants' fees or reimbursements or the cost of a
clerk of the works," and that the plaintiff, when requested, would
furnish preliminary estimates of the cost of the work but would not
"guarantee such estimates."  [378–379]
On the record, this court vacated an order for a decree in a suit by an
architect for a declaratory decree respecting a contract with a town
for his professional services in connection with a building which the
town proposed to construct and for which it had appropriated a
specified amount where findings were lacking as to the existence of
any agreement between the parties respecting the event that the plans
and specifications prepared by the architect produced construction
bids too high in relation to the amount appropriated, which in fact
happened, and remanded the case to the Superior Court for further
findings and for a rehearing if so advised.  [379–380]

BILL IN EQUITY, filed in the Superior Court on August 15,
1955.

The suit was heard by *Smith*, J.

*Andrew P. Doyle, (Leonard E. Perry* with him,) for the plaintiffs.

*Gerald P. Walsh,* for the defendant.

WHITTEMORE, J.  The plaintiffs, architects, seek a declaration of their rights against the defendant town under a contract set out on the standard form issued by the American Institute of Architects, and executed "the            day of May . . . [1954]" by the plaintiffs and the town's committee to construct a combined fire and police station.  The answer, inter alia, admitted the execution of the contract but denied "that it constitutes an enforceable contract."

The judge in the Superior Court made findings of fact and an order for decree which included the ruling that "(4) The Plaintiffs . . . [by failure, as set out in (3) of the order for decree, to furnish plans and specifications to permit the work to be done within the town's appropriation broke] their contract with the defendant."  The judge reported the case upon the correctness of his order for decree, which by implication indicated an intention to rule that the defendant was not obligated to the plaintiffs on the facts found.

The findings include these facts:  The town's appropriation was $79,000.  During the negotiations with the committee and when the written contract was executed the plaintiffs knew that this was the appropriation and was "the limit beyond which the town was not authorized to go."  At the conferences particular stress was laid by the committee on the limitation and on its view that "in no event could the town exceed this amount."  The committee gave instructions as to the type of building wanted.  The plaintiffs furnished specifications and plans which were used for bids.  At the committee's instigation minor changes to reduce cost, which so served, were made.  On occasions when the committee expressed concern about the probable cost of the building if constructed in accordance with the plaintiffs' plans and specifications, the plaintiffs "assured the committee that the cost of the building . . . [if constructed in accordance therewith] would not exceed $79,000,

which amount would include architect's fees." "Following this series of conferences, the parties entered into a written agreement in May of 1954." The plaintiffs conferred with the committee "in accordance with the provisions of the contract, made preliminary studies, prepared working drawings, specifications, large scale and full sized detailed drawings . . . and assisted in drawing forms of proposals and contracts." The lowest bid received was $81,555.

After abortive attempts to proceed on a negotiated bid, and negotiations between the plaintiffs and the committee, the plaintiffs proposed to revise the original plans and specifications dated July 22, 1954, without cost to the town except that the town was to assume the $450 cost of the blueprints for bidders and others. The town refused this offer for a new contract and hired another architect. "[A]t all negotiations preliminary to the execution of the contract, at the time of the contract and at all times thereafter, the parties understood and acted upon the assumption that $79,000 was to be the entire cost of constructing the entire proposed building. . . . [In failing] to provide plans and specifications for a building to be constructed within the limit of the appropriation, [the plaintiffs] did not fulfill their contract."

There were six numbered paragraphs of the order for decree. (1) "[T]he 'cost of the work' specified in the written agreement was $79,000; (2) The compensation of the plaintiffs was conditional upon the acceptance and award of a bid . . . for a sum not to exceed $79,000, including architect's fees"; (3) and (4) (see above); (5) and (6) (In substance) There was no modification of the contract or substitution of a new one.

We assume that the dates on which the plaintiffs "assured the committee" as to the cost included dates after the preliminary plans had been drawn, and that the work on detailed and full scale drawings and precise specifications or some of it followed the execution of the May, 1954, contract.

The ruling that the failure to furnish plans to meet the appropriation was a breach of contract is in error if addressed

to the written agreement of May, 1954, for that agreement contains no such provision and is not ambiguous or incomplete. *Pike* v. *McIntosh,* 167 Mass. 309. *Dean* v. *Washburn & Moen Mfg. Co.* 177 Mass. 137. *Liberty Trust Co.* v. *Price,* 259 Mass. 596, 604. *Dekofski* v. *Leite,* 336 Mass. 127, 128–129. The "cost of the work," under that agreement which is set out in full in the bill and admitted in the answer, is defined as "cost to the owner, . . . [excluding] any architect's or engineers' or special consultants' fees or reimbursements or the cost of a clerk of the works." It is a figure, unspecified and unknown when the contract is made, on which the architect's compensation is to be based. "The owner agrees to pay . . . a fee of seven per cent (7%) of the cost of the work . . . ." The "work" is "the above named work," that is, the erection of the fire and police station. The agreement provides that when requested "the architect will furnish preliminary estimates on the cost of the work, but he does not guarantee such estimates."

If there was a contract which the plaintiffs broke, it existed outside the instrument of May, 1954. An agreement that that writing would take effect as a contract binding on the town only if and when bids were received would have been enforceable despite the execution of the writing. *Levene* v. *Crowell,* 243 Mass. 441, 445–446. *Howland* v. *Plymouth,* 319 Mass. 321, 324. *Tilo Roofing Co. Inc.* v. *Pellerin,* 331 Mass. 743, 746. Williston, Contracts (Rev. ed.) § 634, pp. 1823–1825.

The statement that the "compensation of the plaintiffs was conditional upon the acceptance and award of a bid . . . not to exceed $79,000 . . . ." may be a finding that such condition had been agreed to, or it may be intended only as a construction of the written agreement, in the light of the assurances and understandings and of ruling (1) in respect of "cost of the work." There is no express finding that the plaintiffs and the committee in words or conduct made an agreement other than that writing. The finding that the parties "acted upon the assumption that $79,000 was to be the entire cost" falls short of a finding of an agree-

ment in respect of the matter. We think in the circumstances we may not rule that the necessary finding is implicit in provisions (2) and (4) of the order for decree. Whether such an agreement, though not expressed, was implicit in what the parties said and did should be determined in the first instance by the judge hearing the case with full subsidiary findings.

The order for decree is vacated and the case is remanded to the Superior Court for such further findings as the evidence shall warrant and for rulings consistent with this opinion. In the discretion of the Superior Court the case may be heard anew. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224–225.

*So ordered.*