*Northern District*

No. 5727

**JOHN GOPOIAN**

v.

**SQUIRE ROAD CABIN, INC.**

November 6, 1963

*Present:* Brooks, P. J., Connolly & Parker, JJ.

Case tried to *MacLeod, J.* in the District Court of Chelsea. No. 820 of 1956.

*Brooks, P. J.* This is an action of contract or tort for personal injuries to plaintiff also for damage to plaintiff's automobile. The declaration is in four counts,—count one and three for personal injuries caused by defendant's *negligence* and maintainance of a *nuisance;* counts two and four for *damage* to plaintiff's motor vehicle due to the same causes. Defendant answered general denial and contributory negligence.

*At the trial there was evidence tending to show the following facts*:

Defendant owned a restaurant located on premises controlled by him and lying between Washington Avenue and Squire Road, Revere. Except for the land occupied by the buildings the premises were used for a parking area by the patrons of the restaurant. On October 19, 1955 at 10:15 p.m. plaintiff, with a companion, was driving along Washington Avenue to go to defendant's restaurant "for a few drinks". Arriving at a point opposite defendant's land plaintiff turned *sharply right* on to the premises over what photographic evidence clearly showed to be a well travelled passageway. After proceeding about fifteen feet *the car struck a telephone pole lying crosswise on the ground,* went over it and came to a stop after damaging the car and injuring plaintiff. Plaintiff had entered the premises in exactly the same way on previous occasions without encountering any obstacles.

It appeared that other patrons had made use of this passageway to gain entrance to the parking area and that defendant, in an endeavor to discourage entrance to the parking space from Washington Avenue, had, on several previous occasions, placed telephone poles across the "driveway" but that patrons had pushed the poles aside and entered the restaurant parking area. There was evidence that plaintiff was unaware of defendant's effort to discourage use of this approach to the parking area. This area was the only parking space provided for patrons of the restaurant and was so held out by the proprietor in his solicitation of the public trade.

The telephone pole encountered by the plaintiff was one of several poles lying across defendant's land at the point where plaintiff drove in on October 19th. These poles were *dark in color* and were not seen by anyone in plaintiff's car which had its headlights on. There were *no street lights* in the vicinity, nor was there any evidence of illumination of the parking area. *There were no warning signs.* Nor any sign denoting a particular entrance or exit. The night was clear and dark. There was no sidewalk on Washington Avenue or Squire Road.

At the close of the evidence defendant offered the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed

in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

The court denied these requests and made the following findings of fact:

"The defendant was the owner of a restaurant in the City of Revere. This restaurant was situated on land which ran from Squire Road to Washington Avenue. With the exception of the area occupied by the buildings, most of the defendant's land—from Squire Road up to about 15 feet in from the Washington Avenue side—was utilized or available for parking purposes. Over a considerable period of time patrons had gained access to and had departed from this parking area both from Squire Road and Washington Avenue.

Photographs of the land showed clearly a well-travelled passageway about 15 feet in width, on the Washington Avenue side. The plaintiff stated that on previous occasions he had driven onto the premises from the Washington Avenue side. A waitress in the employ of the defendant stated that the defendant had tried to keep this passageway closed to vehicular traffic; that from time to time he had placed telegraph poles across the passageway and that these poles had been pushed aside by patrons who came in that way.

On October 19, 1955 about 10 P.M. the plaintiff drove his motor vehicle on Washington Avenue

in the direction of the defendant's property. When he reached the defendant's land the plaintiff turned right at an angle, travelled about 15 feet, when his automobile rode up and over one of the poles and came to a stop. The car was damaged and the plaintiff sustained personal injuries, i. e. a contusion of the head, nervous shock and a fracture of his nose.

The night was dark and there were no street lights in the immediate vicinity. There were several telegraph poles of varying lengths lying across the defendant's land. They were dark in color and blended into the earth on which they were lying. There were no signs or signal devices calling attention to these poles.

There was no sidewalk on Washington Avenue, the land of the defendant abutting the shoulder of the highway, and the grade from that point into the parking place area being practically level.

Because of the dark color of the poles, their closeness to the ground, the manner in which they were placed, their proximity to the highway and the lack of suitable warning signs, signal devices, or illuminating fixtures, I find that the poles constituted a nuisance.

From all the evidence adduced, I find that the plaintiff was in the exercise of due care; that the defendant was negligent; and that its negligence was the sole and proximate cause of the injuries to the plaintiff and the damage to his automobile."

The defendant claims to be aggrieved by the denial of its requests for rulings 1, 2, 3 and 4.

Plaintiff was clearly an invitee. In *Zaia v.*

*Italia Societa Anonyma DiNavigazione,* 324
Mass. 547 the court said at p. 549:

> "The determining question for decision is whether
> there was evidence warranting a find of implied
> invitation . . . . . There must be a real or apparent
> intent on the part of the invitor to benefit in a
> business or commercial sense and an intent on the
> part of the invitee to enter upon the premises for a
> purpose consistent with that of the invitor . . . . ."

See also *Belmonte admx. v. Capodilupo,* 332
Mass. 134, 136; *Rosenston v. Bickford Shoes,
Inc.,* 340 Mass. 769.

Defendant was under the duty of keeping
his premises in a reasonably safe condition
for his patrons. *Greenfield v. Freedman,* 328
Mass. 272, 274; *LeBlanc v. Atlantic Building
Supply Co.,* 323 Mass. 702, 705; *Boehm v.
S. S. Kresge Co.,* 336 Mass. 320, 321. He
could accomplish this in one of two ways,—
either by removing all hazardous conditions
or adequately warning invitees of the hazards
and it is for the jury or trial judge to say
whether the defendant had done all that was
reasonably required to prevent injury from
this known and recognized danger. *Farinelli
v. LaVenture,* 342 Mass. 157, 159.

From past experience plaintiff was led to
believe that he could enter the premises from
Washington Avenue without objection from
defendant. There is no evidence that plaintiff
knew of defendant's efforts to discourage
patrons from entering the parking space by
that route. On the other hand defendant knew
that patrons were entering from Washington

Avenue side despite his efforts to discourage them. If he wanted to stop them he could, and should, have taken appropriate steps to that end, such as properly illuminating the area, posting a conspicuous sign or erecting a barrier which could not have been so easily rolled aside.

Defendant obviously failed to take adequate steps to warn the plaintiff against entering from the Washington Avenue side of his restaurant. This amounted to negligence on his part and the trial judge so found and at the same time found plaintiff in the exercise of due care.

The case before us is distinguishable from *Brooks v. Sears Roebuck Co.*, 302 Mass. 184 cited by defendant. This was also a parking area case where plaintiff was injured tripping over a wooden curb. The court found defendant not liable saying on p. 186:

> "It is a matter of common knowledge that similarly constructed curbs exist in parking spaces in this Commonwealth. They are incidental to the ordinary and common construction of such places and are structures the plaintiff should have expected to find in the parking space involved."

The court there found that the parking place was well illuminated. In the case before us there is no evidence of illumination nor that placing of telephone poles in a driveway was a common practice.

Our case is also distinguishable from *Paris v. Howard D. Johnson Co.*, 340 Mass. 378 where plaintiff entered a restaurant by a solid

wooden door without any sign to indicate its purpose. The main entrance had a sign "Howard Johnson" and two big glass doors which plaintiff testified she had always used previously.

There was no error in the trial judge's denial of defendant's requests for rulings. *Report dismissed.*

Gabriel I. Ash, of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.